[No. 20361. Department Two. March 10, 1927.]

*In the Matter of the Estate of* JOHN A. RAY, *Deceased.*

THOMAS F. RAY, *Administrator, Appellant,* v. IVA B. RAY, *Administratrix, Respondent.*[1]

[1] GIFTS (4)—DELIVERY. An assignment of a small amount of personal property by an aged woman to her daughter-in-law who was taking care of the donor and administering her father-in-law's estate in consideration of a deed of real property, is not invalid for want of an acceptance from the fact that the donor inventoried the same as the personal property of her mother-in-law, it being her intention to make no claim to it as long as her mother-in-law lived.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered May 29, 1926, upon findings sustaining the final account of an administratrix. Affirmed.

*Don G. Abel* and *Robert B. Abel,* for appellant.

*W. H. Cameron,* for respondent.

MACKINTOSH, C. J.—John A. Ray and Prudence Ray, husband and wife, were, in 1923, aged people, the parents of five men and one woman, all of mature years and living in their own homes, and on February 6th of that year, John A. Ray and Prudence Ray made their joint wills bequeathing to each of their children the sum of one dollar and each devising and bequeathing unto the other all of their property, to the end that the survivor might become vested with the full title to all of the community property. This property consisted of some household goods of small value, a real estate mortgage for a thousand dollars, about $1,800 in a savings account, and the real estate comprising the home in which these old people resided and of very

¹Reported in 254 Pac. 254.

moderate value. On January 29, 1925, one of the sons, M. H. Ray, with his wife and the widow of another son, Charles E. Ray, who had died in October, 1923, together with an attorney who was an old acquaintance of the senior Rays, met at the home of the senior Rays and there discussed the fact that the old people needed the care of some person who would look after them during the remainder of their lives, and they indicated that they desired their daughter-in-law, Iva B. Ray, the widow of their deceased son, to come and live with and take care of them, and desired to compensate her for that service by deeding to her the home property, reserving unto themselves a life estate. The terms and conditions of this agreement were gone into and proved satisfactory to the senior Rays, and they then executed and delivered a deed to Iva B. Ray and this deed was then, at the request of the senior Rays and Iva B. Ray, kept in the office of the attorney. Iva B. Ray took up her residence with her father and mother-in-law and proceeded to carry out her portion of the agreement until the death of John A. Ray on May 30, 1925, and thereafter continued to live with her mother-in-law and care for her until her death on March 7, 1926.

On July 3, 1925, a petition for the probate of the estate of John A. Ray was filed, and at the same time Prudence Ray waived her right to be appointed executrix and requested that her daughter-in-law, Iva B. Ray, be appointed in her stead, and on that day letters of administration with the will annexed were issued to Iva B. Ray, who proceeded to execute her trust, having made an inventory and appraisement of the property. On July 7, 1925, Prudence Ray, desiring that Iva B. Ray receive not only the real property but also the personal property belonging to her, upon her death, and, being advised that the deed carried only the real

property, made an assignment conveying to Iva B. Ray all the property in the estate and coming to her. Iva B. Ray proceeded with the administration of the estate, however, and treated the personal property as though it still belonged to the estate, secured permission of the court to renew the mortgage, and filed a final account and petition for distribution, asking that all the property be distributed to Prudence Ray under the terms of the will of John A. Ray. Before the hearing for the final accounting and distribution took place, Prudence Ray died, and at the time of the hearing on the final account, Iva B. Ray claimed all the assets of the estate as her separate property by reason of the assignment of July, 1925. At this time, one of the sons, the appellant here, Thomas F. Ray, sought to have Iva B. Ray removed as administratrix of his deceased father's estate, and attacked the deed to Iva B. Ray and the assignment; and upon the court's refusing to grant his petition for removal and sustaining the validity of the conveyances to Iva B. Ray, this appeal was taken.

The attack made upon the deed from John A. Ray to the respondent is on the ground that, at the time, the grantor was mentally incompetent to make the deed. Waiving the presumption of mental capacity and giving to the testimony adduced by the appellant its very strongest effect, there is not sufficient in the record to preponderate against the finding of the trial court that at the time that John A. Ray executed this deed, he was fully possessed of all his mental faculties and perfectly competent to execute the deed; that it was executed with full knowledge of all the facts and in conformity with the desire of himself and Mrs. Ray and for a valuable consideration; that there was no fraud or overreaching, and the conveyance was properly sustained.

[1]   The attack upon the assignment from Prudence
Ray is based upon the alleged suspicious circumstances
connected with the fact that it was withheld from
record and that Iva B. Ray, in the administration of
her father-in-law's estate, made no mention of it, but
inventoried the personal property as the property of
the estate and sought to have it so distributed.   The
explanation of this is as satisfactory to us, however,
as it was to the trial court.   The respondent did not
intend to take this personal property during the life-
time of her mother-in-law, and as long as her mother-
in-law was alive she made no claim to it.   She was per-
forming not only a legal duty which she had assumed
by reason of her contract with these old people, but
she was manifesting the intention of fully meeting her
moral obligation as well.   The fact that she was per-
fectly willing to allow Prudence Ray to take posses-
sion of all this personal property and use it is not con-
clusive that she did not in good faith receive the as-
signment of July, 1925.   She should not be deprived of
this property now for the reason that she acted with
kindly consideration of the rights and sensibilities of
her old and dependent mother-in-law.   The reward
for humane acts should not be the deprivation of legal
rights.

  These two grounds upon which, primarily, the ap-
pellant is urging that Iva B. Ray be removed as ad-
ministratrix being without substance, the trial court
was right in refusing to order her removal.

  A minor ground is predicated upon the payment by
the respondent of claims for doctor's bills, funeral ex-
penses and similar charges having been made by her
out of the estate in the absence of any claims having
been filed.   In view of the fact that the administratrix
herself was entitled to all of the estate, we hardly see
how a disinterested outsider can complain because

these claims have been paid by the person who owes them.

Other minor matters are suggested by the appellant as entitling him to have his petition reconsidered, but examination of them reveals no such merit as to entitle him to that relief.

The judgment and decree is affirmed in all respects.

TOLMAN, BRIDGES, PARKER, and ASKREN, JJ., concur.